UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SCOTT MICHAEL DRIVER,

       Petitioner,

v.                                        Case No. 3:20-cv-787-MMH-JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

       Respondents.

_____

## ORDER

### I. Status

Petitioner Scott Michael Driver, an inmate of the Florida penal system, initiated this action on July 10, 2020, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[1] Driver proceeds on an Amended Petition (Doc. 4) with attachments (Docs. 4-1 through 4-2). In the Amended Petition, Driver challenges a 2010 state court (Duval County, Florida) judgment of conviction for aggravated assault, aggravated battery, and possession of a firearm by a convicted felon. He raises one ground for relief. See Amended Petition at 5-7. Respondents have submitted a memorandum in

---

[1] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

opposition to the Petition, arguing that the action is untimely. <u>See</u> Motion to Dismiss Petition as Untimely Filed (Response; Doc. 9). They also submitted exhibits. <u>See</u> Docs. 9-1 through 9-29. Driver filed a brief in reply. <u>See</u> Reply (Doc. 12). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

2

Court and made retroactively applicable
to cases on collateral review; or

(D) the date on which the factual
predicate of the claim or claims
presented could have been discovered
through the exercise of due diligence.

(2) The time during which a properly filed
application for State post-conviction or other
collateral review with respect to the pertinent
judgment or claim is pending shall not be counted
toward any period of limitation under this
subsection.

28 U.S.C. § 2244(d).

## III. Analysis

Respondents contend that Driver has not complied with the one-year

period of limitations set forth in 28 U.S.C. § 2244(d). Response at 5. The

following procedural history is relevant to the one-year limitations issue. On

September 23, 2009, the State of Florida charged Driver by information with

aggravated assault (count one), aggravated battery (count two), and possession

of a firearm by a convicted felon (count three). Doc. 9-3. Driver proceeded to a

trial, and, on August 24, 2010, a jury found him guilty on all counts. Docs. 9-5

through 9-7. On September 28, 2010, the circuit court sentenced Driver to a

twenty-year term of imprisonment as to count one and twenty-five-year terms

of imprisonment as to counts two and three. Doc. 9-8 at 5-7. The circuit court adjudicated Driver to be a habitual felony offender and ordered the sentence imposed as to count two to run concurrent with the sentences imposed as to counts one and three. Id. at 5-8. The First District Court of Appeal (First DCA) per curiam affirmed Driver's convictions and sentences without a written opinion on January 23, 2012, Doc. 9-23 at 3, and issued the mandate on February 8, 2012, id. at 2.

As Driver's convictions and sentences became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Florida Rule of Appellate Procedure 9.030(a)(2), Driver's convictions and sentences became final when the time for filing a petition for certiorari review in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). The time for Driver to file a petition for writ of certiorari expired on Monday, April 23, 2012 (ninety days after January 23, 2012). See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision).

4

Accordingly, Driver had until April 23, 2013, to file a federal habeas petition. He did not file his Petition until July 10, 2020. Therefore, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

Driver filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on October 14, 2013. Doc. 9-25 at 6-53. With the one-year limitations period having expired on April 23, 2013, Driver's Rule 3.850 motion could not toll the limitations period because there was no period remaining to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that a postconviction motion filed after the AEDPA limitations period has expired cannot "toll that deadline because, once a deadline has expired, there is nothing left to toll"). Given the record, Driver's Petition is untimely filed, and due to be dismissed unless he can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating

that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet, 853 F.3d at 1221 (quotations and citation omitted). The burden is on Driver to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

In the Amended Petition, Driver contends he is entitled to equitable tolling. Amended Petition at 14. He states that he had limited access to the law library "due to lack of staff, security issues[,]" and COVID-19. Id. Despite this, according to Driver, he pursued his rights diligently. Id. Upon review, the Court finds that Driver has not demonstrated that extraordinary circumstances prevented him from timely filing his federal Petition. Notably, the circumstances described by Driver are not extraordinary. See Miller v.

6

<u>Florida</u>, 307 F. App'x 366, 368 (11th Cir. 2009) (affirming a district court's dismissal of a habeas petition as untimely because "restricted access to a law library, lock-downs, and solitary confinement" as well as inability to access legal assistance generally do not qualify as circumstances warranting equitable tolling).[2] Moreover, while he contends COVID-19 prevented him from accessing the library between January 2020 and July 2020, <u>see</u> Amended Petition at 15, he fails to explain how it affected his ability to file a federal petition by April 23, 2013, the date on which the one-year limitations period expired. Therefore, Driver has not met the burden of showing that equitable tolling is warranted on this basis.

Alternatively, Driver contends that the state court's fundamental error should excuse his failure to timey file a federal habeas petition. Specifically, he alleges that the state court erred when it conducted his first appearance without counsel present.[3] Reply at 1-2. A fundamental error exception to the one-year limitations period does not exist. See <u>Boaz v. Sec'y, Fla. Dep't of Corr.</u>,

---

[2] The Court notes that it does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. <u>See</u> <u>McNamara v. GEICO</u>, 30 F.4th 1055, 1060-61 (11th Cir. 2022); <u>see</u> <u>generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[3] The record demonstrates that during first appearance the state court appointed the Office of the Public Defender to represent Driver. Doc. 9-13 at 7, 23-24.

No. 3:11-CV-542-J-32JBT, 2014 WL 3341308, at *3 (M.D. Fla. July 8, 2014).[4]

Rather, to avoid the time bar, a petitioner "must show 'factual innocence, not

mere legal insufficiency.'" Justo v. Culliver, 317 F. App'x 878, 880-81 (11th Cir.

2008) (quoting Bousley v. United States, 523 U.S. 614 (1998)); see Jones v.

Warden, 683 F. App'x 799, 801 (11th Cir. 2017) ("Jones's argument that the

state trial court lacked jurisdiction presents, at most, a claim of legal

innocence, not factual innocence, and does not excuse his failure to file his

federal petition sooner."); see also Johnson v. Alabama, 256 F.3d 1156, 1171-

72 (11th Cir. 2001) (finding claim of insufficient evidence at trial, without any

new evidence, did not establish actual innocence to overcome procedural bar).

Here, Driver fails to show actual innocence. He offers no "new reliable

evidence—whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence—that was not presented at

trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Further, he does not point to

any evidence to demonstrate that it is more likely than not that no reasonable

juror would have found him guilty beyond a reasonable doubt in light of new

---

[4] The Court notes that although decisions of other district courts are not binding, they too may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

evidence. Driver therefore cannot avail himself of the actual innocence exception. For the foregoing reasons, the Court finds that the Petition is untimely, and the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## IV. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Driver seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Driver "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.      Respondents' request to dismiss (Doc. 9) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3.      If Driver appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

10

4.    The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of March, 2023.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 3/9
c:    Scott Michael Driver, #J06161
      Counsel of record

11